IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:11-cr-00428-GEB |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| BRYAN SMITH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

An Order to Show Cause ("OSC") issued on May 21, 2013, directing the government to explain why certain portions of its Sentencing Memorandum, submitted for in camera review in connection with a sealing request, should not be filed on the public docket. The government responded to the OSC on May 22, 2013, stating: "[t]he government . . . w[ould] address the problem by filing an unredacted sentencing memorandum and submitting a separate submission in letter form." (Gov't Resp. to OSC, ECF No. 215.)[1]

The government requests in its response to the May 21st OSC, that "page 2, lines 4-10" of the OSC be sealed, arguing: "review of that portion of the [OSC] will make the reason for the request apparent and,

_____

[1] The government subsequently filed an amended sentencing memorandum on the public docket, which makes public part of what it had requested to be sealed (ECF No. 216), and submitted a separate letter for in camera review via email to the courtroom deputy clerk. See E.D. Cal. R. 138(k).

1

if necessary, can be further addressed at sentencing." (Gov't Resp. to OSC 2:1-3.)

"Under the [F]irst [A]mendment, the press and the public have a presumed right of access to court proceedings and documents." Oregonian Publ'g Co. v. United States Dist. Court for Dist. of Or., 920 F.2d 1462, 1465 (9th Cir. 1990). "[T]he First Amendment right of access applies to sentencing proceedings." United States v. Rivera, 682 F.3d 1123, 1129 (9th Cir. 2012); see also United States v. Hirsh, No. 03-58, 2007 WL 1810703, at *2-3 (E.D. Pa. June 22, 2007) (analyzing the unsealing of a sentencing memorandum under First Amendment and common law right of access standards).

"[C]riminal proceedings and documents may be closed to the public without violating the [F]irst [A]mendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." Oregonian Publ'g Co., 920 F.2d at 1466. "It is the burden of the party seeking closure, here [the government], to present facts supporting closure and to demonstrate that available alternatives will not protect" the proffered compelling reason supporting closure. Id. at 1467. In ordering closure, "[t]he court must not base its decision on conclusory assertions alone, but must make specific factual findings." Id. at 1466.

The government has provided no legal or factual basis to support its conclusory statement that "review of [the referenced] portion of the [May 21st OSC] will make the reason for the [sealing]

request apparent." (Gov't Resp. to OSC 2:2-3.)[2] "Thus, [the government has] failed to carry [its] burden." Id. at 1467 (stating the district court's conclusion that closure of plea agreement and related documents would pose a risk of harm to the defendant and his family was unsupported by evidence or "facts demonstrating any danger"); see United States Dist. Court for S. Dist. of Cal. v. Doe, 269 F. App'x 626, 627 (9th Cir. 2009) (affirming district court's decision to unseal unredacted plea colloquy transcript which "reference[d the] defendant's cooperation"); United States v. Key, No. 98-CR-446 (ERK), 2010 WL 3724358, at *2 (E.D.N.Y. Sept. 15, 2010) (stating the First Amendment right of access "extends to plea agreements and related documents disclosing defendants' cooperation").

        For the stated reasons, the government's conclusory request to seal page 2, lines 4-10 of the May 22, 2013 OSC is denied.

Dated:  May 22, 2013

                                    _____
                                    GARLAND E. BURRELL, JR.
                                    Senior United States District Judge

_____

        [2]    In the government's May 22, 2013 email correspondence to the courtroom deputy clerk, to which was attached a letter for the court's in camera review, the government makes a vague reference to what could be viewed as support for its request to seal portions of the May 21st OSC. However, the government provides no context or evidentiary support in the email for its statement. Further, the government's statement was not referenced in any manner in its publically-filed response to the May 21, 2013 OSC. No information contained in the ex parte May 22nd email is considered in deciding the government's request to seal portions of the OSC since credence will not be given to informal comments presumably made for the purpose of informing the judge of a matter that the government considers pertinent to its sealing request. Should the proponent of a sealing order opine that the Court should consider in camera certain matters in connection with a sealing request, applicable sealing procedures shall be followed.